UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID DEROUEN, Sr            CIVIL ACTION NO.

V

                                             JUDGE:

SRG,LLC d/b/a POPEYE'S        Magistrate Judge

# COMPLAINT FOR AGE DISCRIMINATION AND RETALIATION

## Jurisdiction and venue

1. This an action for age discrimination under the Age Discrimination in Employment Act of 1967 as amended (ADEA) and Louisiana state law barring age discrimination, RS 32:312. Both counts are brought under both the federal and state law barring age discrimination.

2. Jurisdiction is grounded on 28 USC sec. 1343 as to the ADEA and on supplemental jurisdiction as to state law claims.

3. Venue in this district is proper because all acts complained of occurred within this district.

## Parties

4. Plaintiff, David Derouen, Sr., was employed as a shift manager at a Popeye's restaurant in Baton Rouge, La. on Starling Ln. from July 2014 to December 31, 2014 at the rate of $9.05/hr. He was 52 y.o.

5.      Defendant, SRG,LLC d/b/a Popeye's, employs alternatively (a) more than 100 people; (b) more than 200.

## Exhaustion of remedies

6.      Plaintiff filed an EEOC charge on March 20, 2015 and received a Right-to-sue letter dated April 13, 2016.

## Introduction

7.      Prior to working for defendant, plaintiff had been in the restaurant business for some 15 years, most recently for Wendy's as an assistant manager at $12.50/hr, $28,000 annually.

8.      He has a BS in hotel and restaurant management.

9.      While working for defendant he had two prior write-ups, each by a different manager, the last of which he refused to sign.

## COUNT 1- AGE HARASSMENT

10.     His General Manager was Paul Frazier who worked on site.  Joseph Lott was the assistant manager and was also on site.  Adrienne Ellis was a shift manager like plaintiff.

11.     About twice a shift Frazier and Lott would make adverse age related remarks such as (all quoted as spoken):

 *       "You know, Mr David a little older then he us, he gonna be a little slower."

    \*      "He don't gonna move as quick as us, cuz' we younger."

12. Frazier, his General Manager, made the following remark 2-3 times a day in front of other employees:

> "If you don't speed up and improve at this, I'll have to let you go. You're too slow. I know it has to do with your age. I'm sorry, but you're gonna have to get it up to speed or I'm gonna have to let you go."

13. Frazier and Lott scrutinized his work and this added to his stress.

14  Because of the harassment he began to experience symptoms of colitis.

## COUNT 2-RETALIATORY TERMINATION

15. Plaintiff complained to Frazier about 10 times about age-related remarks and criticism, asking "What age had to do" with his employment because he got the job done accurately and his customers were satisfied.

16. He was given two write-ups. He complained about age harassment 3-4 times before his first write up; four or five times before the second, and twice before termination, the last time to Calvin Freeman, the District Manager, on Tuesday or Wednesday, December 29 or 30, 2015. He was terminated December 31, 2015 at the end of an employees' meeting. No reason was given at that time.

16. The termination increased his symptoms of colitis.

## Subsequent employment, related medical conditions, and permanent and total disability

17.     Plaintiff had a prior history of colitis, high blood pressure, and lumbar muscular pain all aggravated by the harassment at Popeye's and the retaliatory termination.

18.     He was re-employed at DME Express, a home health care company, on April 1, 2015.

19.     However, by late July 2015, he was ill with colitis and had severe back pain such that he was hospitalized and terminated while hospitalized.

20.     He was granted SSD October 9, 2015 and has not worked since.

21.     The work at DME required lifting and assembling heavy beds and going into the homes of infected patients and handling their equipment.

22.     Plaintiff alleges that he would not have become totally and permanently disabled by aggravated colitis from the infectious patients and equipment and by increased back pain from handling the heavy beds had he continued to work at Popeye's such that defendant is liable for his total and permanent disability.

## Relief sought

23.     Under the ADEA, plaintiff seeks all legal and equitable relief, including damages for age harassment, out-of-pocket costs for any adverse personnel action, past lost wages, liquidated damages, past and future medical costs, attorney fees,

and costs.  Under Louisiana law he seeks all the above, except liquidated damages, and, in addition, future lost wages and/or front pay, and damages for emotional distress.  He seeks trial by jury.

>Respectfully submitted,
>/s/ J Courtney Wilson
>J Courtney Wilson 13561
>1510 Veterans Blvd
>Metairie, La 70005
>(T) 504/832-0585
>(F) 504/846-2400
>Email cwilson@ courtlaw.net(fax pref'd)

PLEASE DO NOT ISSUE SUMMONS
WAIVER AND NOTICE WILL BE ATTEMPTED