**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAVID DEROUEN, SR.** | **CIVIL ACTION NO.** |
| **VERSUS** | **16-434-JWD-EWD** |
| **SRG, LLC**<br>**d/b/a Popeye's** | |

**RULING AND ORDER ON MOTION TO**
**APPOINT COUNSEL IN CASE ON APPEAL**

Before the court is a Motion to Appoint Counsel in a Case on Appeal.[1] For the reasons that follow, the Motion to Appoint Counsel is **DENIED**.

Plaintiff, David Derouen, Sr. ("Plaintiff"), filed a Complaint in this matter on June 28, 2016 against the SRG, LLC d/b/a Popeye's alleging age discrimination and retaliation in violation of federal and state laws.[2] That same date, Plaintiff filed a Motion to Proceed In Forma Pauperis (the "IFP Motion").[3] At that time, Plaintiff was represented by counsel. The undersigned granted Plaintiff's IFP Motion on June 30, 2016.[4]

On June 1, 2017, counsel for Plaintiff filed a Motion to Withdraw as Attorney, which indicates that Plaintiff terminated the representation of prior counsel.[5] On June 7, 2017 the Motion to Withdraw as Attorney was granted permitting Plaintiff's prior counsel to withdraw from the case.[6]

On June 2, 2017 (while the Motion to Withdraw as Attorney was pending), this Motion to Appoint Counsel in a Case on Appeal was filed.[7] The Motion to Appoint Counsel simply states,

---

[1] R. Doc. 23.
[2] R. Doc. 1.
[3] R. Doc. 2.
[4] R. Doc. 3.
[5] R. Doc. 21.
[6] R. Doc. 25.
[7] R. Doc. 23.

1

"Judge deGravelles to appointed [sic] attorney for Mr. Derouen." Attached to the Motion to Appoint Counsel is the Motion to Withdraw as Attorney. Plaintiff also filed a Motion for Leave to Appeal in forma pauperis (the "Appeal IFP Motion").[8]

Also on June 2, 2017, Plaintiff filed a Notice of Appeal.[9] The Notice of Appeal states plaintiff seeks to appeal from a "settlement order" entered on June 2, 2017.[10] A review of the docket in this matter shows there is no settlement order of any kind. The only references to a settlement are the deadline in the Scheduling Order for parties to request a conference with the assigned magistrate judge and the deadline to submit an affidavit of settlement efforts to the district judge.[11] Additionally, there has not been any dispositive ruling in this matter. Accordingly, plaintiff has no appeal of right, nor has plaintiff sought or been granted a permissive appeal. For these reasons, the undersigned denied Plaintiff's request to institute an appeal *in forma pauperis* and certified in writing that the appeal was not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).[12]

Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." Under § 1915(e)(1), "federal courts are given the power to request that an attorney represent an indigent plaintiff." *Cole v. Sheriff's Office of Lafayette Parish*, 2011 WL 1752086, *4 (W.D. La. April 6, 2011). In light of the fact Plaintiff's request to institute an appeal in this matter *in forma pauperis* was denied, Plaintiff is not proceeding *in forma pauperis* for purposes of appeal and, therefore, Plaintiff is not entitled to appointment of counsel for purposes

---

[8] R. Doc. 24
[9] R. Doc. 22.
[10] R. Doc. 22.
[11] R. Doc. 14.
[12] R. Doc. 29. Plaintiff filed an additional IFP motion on June 20, 2017 in this matter (R. Doc. 28), which was denied as moot in light of the Order on the Appeal IFP Motion and the Order (R. Doc. 3) on Plaintiff's prior IFP Motion (R. Doc. 2).

2

of the appeal.

Even were Plaintiff's request for appointment of appeal counsel to be considered under § 1915(e)(1), counsel would not be appointed. "[T]he court is not required to make this request in the absence of 'exceptional circumstances.'" *Id.* (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). *See also*, *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982) ("The existence of exceptional circumstances will turn on the quality of two basic factors – the type and complexity of the case, and the abilities of the individual bringing it.").

When determining whether a plaintiff is entitled to have a court request that counsel assist him in suit, numerous factors are considered, including: (1) the type and complexity of the case; (2) whether the indigent plaintiff is capable of adequately presenting his case; (3) whether the indigent plaintiff is in a position to investigate adequately the case; and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in presentation of the evidence and cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Courts should also consider whether appointment of counsel would be a service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.* Finally, the court may consider plaintiff's efforts, if any, to secure private counsel. *Id. See also*, *Cole v. Sheriff's Office of Lafayette Parish,* 2011 WL 1752086, *5 (W.D. La. April 6, 2011). The plaintiff "ultimately bears the burden of persuasion as to the necessity of such an appointment." *Margin v. Social Sec. Admin.*, 2009 WL 3673025, *1 (E.D. La. Oct. 28, 2009) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977), *overruled on other grounds*, *Holt v. Ford*, 862 F.2d 850 (11th Cir. 1989)).

Plaintiff has not provided any information here to permit an analysis of the *Ulmer* factors. Therefore, Plaintiff has not met his burden of establishing that this is an "exceptional

circumstance" necessitating that the court request an attorney to represent him.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Appoint Counsel in a Case on Appeal[13] is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 30, 2017.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 23.